1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KENNETH WAYNE ROBERSON,                    No.  2:17-cv-0531 AC P

12                    Petitioner,

13         v.                                    ORDER

14    PEOPLE OF THE STATE OF
      CALIFORNIA,
15
                      Respondent.
16

17

18         Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas

19    corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

20    Examination of the in forma pauperis application reveals that petitioner is unable to afford the

21    costs of suit.  ECF No. 5.  Accordingly, the application to proceed in forma pauperis will be

22    granted.  See 28 U.S.C. § 1915(a).

23         The exhaustion of state court remedies is a prerequisite to the granting of a petition for

24    writ of habeas corpus unless "there is an absence of available State corrective process" or

25    circumstances make the process ineffective to protect a petitioner's rights.  28 U.S.C. §

26    2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.

27    ////

28    ////

                                                    1

1  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  A

2  petitioner satisfies the exhaustion requirement by providing the highest state court with a full and

3  fair opportunity to consider all claims before presenting them to the federal court.  Picard v.

4  Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

5          After reviewing the petition for habeas corpus, it appears that petitioner has failed to

6  exhaust state court remedies.  ECF No. 1 at 2-13.  The petition indicates that the claim has not

7  been presented to the California Supreme Court.  Id.  A search of the California Supreme Court's

8  docket also fails to return any evidence of a direct appeal or habeas petition filed by petitioner in

9  that court.  Further, there are no allegations that state court remedies are not available to

10  petitioner.  Instead, petitioner simply states that he thought his claims were "better off" in federal

11  court because they deal with his constitutional rights or that he is waiting for his attorney to act.

12  Id. at 6-7, 9-12.

13          The Ninth Circuit has held that a petitioner may seek a stay pursuant to Rhines v. Weber,

14  544 U.S. 269 (2005), to preserve the filing date of his federal petition, even when the petition

15  contains only unexhausted claims.  Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016).  In order to

16  obtain a stay under Rhines, petitioner must show that (1) good cause exists for his failure to have

17  first exhausted the claims in state court, (2) the claim or claims at issue potentially have merit,

18  and (3) there has been no indication that petitioner has intentionally delayed pursuing the

19  litigation.  Rhines, 544 U.S. at 277-78.

20          Petitioner will be given an opportunity to notify the court that he has in fact exhausted his

21  state court remedies by presenting his claims to the California Supreme Court or that state court

22  remedies are unavailable.  If petitioner cannot show that he has exhausted his state court remedies

23  or that they were unavailable, he may instead move for a stay and abeyance under Rhines.[2]  If

24  petitioner fails to respond to this order, the court will proceed to order service of the petition

25  without a stay.  Petitioner is advised that if he proceeds on the petition as is, based on his

26  _____

27  [1]  A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

28  [2]  A stay of the instant case is not required in order for petitioner to seek relief in the California Supreme Court.

representation that the petition is fully unexhausted, the entire petition will be subject to dismissal as unexhausted absent the state's express waiver of exhaustion and it is likely that the petition will ultimately be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner's motion to proceed in forma pauperis (ECF No. 5) is granted.

2.  Within thirty days of service of this order, petitioner shall either (1) advise the court that he has exhausted his state court remedies or that they were unavailable to him or (2) file a motion for stay and abeyance under Rhines while he returns to state court to exhaust his state court remedies.

3.  If petitioner does not respond to this order, the court will proceed to order service of the petition without a stay and any unexhausted claims will be subject to dismissal unless the respondent explicitly waives the exhaustion requirement.

DATED: June 13, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE