UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE ROBERSON,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF CALIFORNIA STATE PRISON, SOLANO,<br><br>Respondent. | No. 2:17-cv-0531 MCE AC P<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently before the court is respondent's motion to dismiss the petition as wholly unexhausted. ECF No. 14.

I. <u>Factual and Procedural Background</u>

On September 28, 2015, a jury convicted petitioner of possession of ammunition by a felon and he admitted to allegations that he had previous strike offenses. ECF No. 1 at 1; Lod. Doc. 1; Lod. Doc. 2. Petitioner was sentenced to a determinate state prison term of six years: three years for the offense, plus three years for the prior strike enhancement. ECF No. 1 at 1; Lod. Doc. 2.

A. <u>Direct Review</u>

Petitioner appealed his conviction to the California Court of Appeal, Third Appellate District. ECF No. 1 at 2. At the time he filed the petition, he stated that his petition was still

pending. ECF No. 1 at 2. On October 18, 2017, the court of appeal reversed petitioner's strike conviction enhancement, vacated his sentence, and remanded the matter to the trial court for retrial of the strike allegations and resentencing. Lod. Doc. 2.

According to the Third Appellate District's case information website, petitioner recently filed another notice of appeal in his criminal case.[1] His opening brief is currently due October 15, 2018.[2]

### B. State Collateral Review

Petitioner filed a petition for writ of habeas corpus in superior court on September 25, 2015, which was denied on the same day. ECF No. 1 at 3, 26-27.

According to the Third Appellate District's case information website, petitioner has filed four petitions for writ of habeas corpus since filing the petition in this case and the dockets in those cases reflect that they were each denied within about a week of being filed.

### C. Federal Petition

The petition in this case was filed on March 8, 2017. ECF No. 1. On screening the petition, the court noted that it appeared to be fully unexhausted and petitioner was given an opportunity to either (1) notify the court that state court remedies were exhausted or unavailable or (2) move for a stay and abeyance under Rhines v. Weber, 544 U.S. 269 (2005). ECF No. 6. Petitioner moved for a stay (ECF No. 7), but failed to address the factors necessary to obtain a Rhines stay, resulting in the motion being denied without prejudice (ECF No. 8). Petitioner was given thirty days to file a motion for stay that addressed the three Rhines factors, and warned that failure to do so would result in the petition being served without a stay and his petition would be subject to dismissal unless respondent waived the exhaustion requirement. Id. After petitioner

---

[1] Docket for California Court of Appeal Case No. C087680:
http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=3&doc_id=2258977&doc_no=C087680&request_token=NiIwLSIkXkw2W1BFSCI9SEJJUEQ6UTxbKyMuXzJTMCAgCg%3D%3D.

[2] Brief deadline for California Court of Appeal Case No. C087680:
http://appellatecases.courtinfo.ca.gov/search/case/briefing.cfm?dist=3&doc_id=2258977&doc_no=C087680&request_token=NiIwLSIkXkw2W1BFSCI9SEJJUEQ6UTxbKyMuXzJTMCAgCg%3D%3D.

2

| | |
|---|---|
| 1 | failed to file a motion for stay, respondent was ordered to respond to the petition (ECF No. 9) and |
| 2 | filed a motion to dismiss (ECF No. 14). |

II.      Motion to Dismiss

Respondent seeks dismissal on grounds the petition is wholly unexhausted. ECF No. 14. In response to the motion, petitioner has filed two "motions to seek relief from procedural default." ECF Nos. 18, 19. Though not identical, the motions are substantially similar. Both motions, rather than responding to the argument that the petition is unexhausted, instead request that petitioner be relieved from procedural default caused by ineffective assistance of trial counsel; petitioner then proceeds to argue the merits of his petition. Id. Petitioner's motions conclude by requesting that respondent's motion to dismiss be denied. Id.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus unless "there is an absence of available State corrective process" or circumstances make the process ineffective to protect a petitioner's rights. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[3] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985) (citation omitted). A habeas petitioner bears the burden of proving he has exhausted his state court remedies, Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam) (citation omitted), and petitioner has not met his burden.

It is clear from the petition that petitioner has not exhausted his state court remedies (ECF No. 1 at 2-13), and the California Supreme Court's online docket continues to show no signs of a direct or collateral appeal filed by petitioner. To the extent petitioner may be attempting to argue that his claims are procedurally defaulted and therefore technically exhausted because state remedies are no longer available, there is no evidence of procedural default. Moreover, it appears

---

[3] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

unlikely that petitioner's claims are procedurally defaulted as he is actively pursuing state court remedies.

III. Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a petition is dismissed on procedural grounds, as is being recommended in this case, a certificate of appealability "should issue when the prisoner shows, at least, [(1)] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [(2)] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This court finds that no jurist of reason would find it debatable that the petition is unexhausted and a certificate of appealability should not issue.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 14) be granted and the petition be dismissed as unexhausted.

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

////

////

////

4

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 25, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5